# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT EDWARDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09 C 5583 |
| LIEUTENANT VALISHA PRICE, | ) ) | Judge James B. Zagel |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Edwards, was a federal prisoner incarcerated at Metropolitan Correctional Center (MCC) in 2009. He is no longer incarcerated. He initiated this civil rights action in September 2009 against Lieutenant Valisha Price, a nurse providing services to MCC inmates. Plaintiff alleged that he suffered a back injury and that Lt. Price ignored his requests for medical attention. Plaintiff also named as Defendants Zamora Martinez (a unit manager), W.L. Scnake (a case manager) and the MCC itself. The Court dismissed Martinez, Scnake, and the MCC on initial review because Plaintiff alleged no claims against Martinez or Scnake and because the MCC is not a suable entity. Price, the only remaining Defendant, has filed a motion to dismiss or, alternatively, for summary judgment. She contends that, under 42 U.S.C. § 233(a), she is immune from being sued in a *Bivens v. Six Unknown Named Agents of FBI*, 403 U.S. 388 (1971), action, and that Plaintiff did not exhaust administrative remedies before bringing this suit. Plaintiff has filed a response, and Defendant Price has replied. For the following reasons, the Court grants the motion for summary judgment.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

Defendant Price's motion is labeled as a motion to dismiss or, alternatively, for summary judgment. (R. 21.) Each of the two issues she presents for dismissal (failure to exhaust and immunity) requires consideration of declarations and prison records not included with the complaint. (R. 22,

Def.'s Rule 56.1 Statement.) Because "matters outside the pleadings are presented" for consideration of Defendant's motion, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(d); *see also Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). The Court will thus construe Defendant's motion as a one for summary judgment.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, a court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When addressing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000). With respect to whether an inmate exhausted administrative remedies, the court, and not a jury, must resolve factual issues relating to the exhaustion issue. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

When addressing summary judgment motions, background facts are derived from the parties' Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Because Plaintiff is proceeding *pro se*, the Defendant served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and to a statement of material facts under Fed. R. Civ. P. 56(e) and Local Rule 56.1. (R. 23.)

Plaintiff filed a response to Defendant's motion for summary judgment, (R. 28); however, he filed no response to Defendant's Rule 56.1 Statement. The Court may thus consider Defendant's Rule 56.1 statements true. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

## II.     FACTS

Plaintiff injured his back while working in the kitchen at the MCC on August 4, 2009. (R. 9, Amended Compl. at 6.) Plaintiff informed an officer, who sent him to the infirmary. At the infirmary, Nurse Williams told Plaintiff that she could not treat him that day because she was training a new employee. Plaintiff returned to his floor. The following day, he informed an officer that he was still in pain. The officer sent Plaintiff back to the infirmary. At the infirmary, Nurse Price told Plaintiff that she could not see him because he had been there the day before. Plaintiff returned to either his cell or his work in the kitchen. He later requested treatment and again was sent to the infirmary. Allegedly, Price again refused to treat him. Plaintiff states that he did not see a doctor until August 12, 2009, and that the doctor only tapped his back in several places and prescribed Motrin. Plaintiff indicates that, since he could not get treatment, "this [suit] was my course of action." (*Id.* at 6.)

With respect to the exhaustion issue, Defendant Price presents the declaration of Jennifer Knepper, the Attorney Advisor at the MCC. According to Knepper, there is a three-tiered grievance

system available to inmates at the MCC. (R. 22-1, Knepper Aff., ¶¶ 1-3); *see also* 28 C.F.R. §§ 542.10-19. Knepper states that Plaintiff's SENTRY file (an electronic record keeping system that tracks all BOP inmate grievances) shows that he filed no grievances during his stay at the MCC between March and December 2009. (*Id.* at ¶¶ 4-6.)

Plaintiff's response to Defendant's motion seems to concede that he did not file any grievances, but instead, told several officers about his inability to get treatment. Plaintiff states that he first went to an officer, then a counselor, then a captain, and then an assistant warden "and still no help. Besides this was an emergency." (R. 28, Pl.'s Response at 1.)

With respect to the immunity issue, Defendant presents the declaration of Commissioned Corps Liason Ben Brown. Brown states that Lt. Price was a commissioned officer of the United States Public Health Service on active duty assigned to the MCC in 2009. (R. 22-4, Brown's Aff. at ¶¶ 3-4.)

### III.    ANALYSIS

#### A.    Failure to Exhaust Administrative Remedies:

The Prisoner Litigation Reform Act requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to inmates bringing *Bivens* actions against federal officials. *See Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 654-55 (7th Cir. 2004). Under § 1997e, no prisoner "is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Even if the prisoner is seeking judicial relief that was unavailable in the administrative system, he must still exhaust available administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S.

at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d at 809; *see also Woodford*, 548 U.S. at 90.

The declaration of MCC Attorney Advisor Jennifer Knepper discusses the grievance system available at the MCC, which follows the procedures set out in 28 U.S.C. § 542.13-18. In order to exhaust administrative remedies, an inmate must first attempt to resolve the issue informally. If such attempts are unsuccessful, the inmate is to then utilize a three-tiered grievance system by filing a grievance with the Warden, then the Regional Director, and lastly the General Counsel. (R. 22-1, Knepper's Declaration at ¶ 3); 28 C.F.R. § 542.13-18.

Knepper states that Plaintiff's SENTRY file shows that he filed no grievances while he was at the MCC in 2009. (R. 22-1, Knepper's Decl. at ¶ 4.) Although Knepper cites to Attachment 2, that attachment appears not to be included with her declaration. (R. 22-2 and 22-3.) The pages following Knepper's declaration appear to be two parts of Attachment 1. Nevertheless, Plaintiff filed no Rule 56.1 Statement countering Defendant's Rule 56.1 Statement. Also, Plaintiff's response to the summary judgment motion indicates that he filed no grievances. He states that he "went to the officer, and then counselor Dabney and then to Capt. and then to Asst. Warden and still no help. Besides, this was an emergency situation. . . . what remedies besides treating me was important." (R. 28, Pl.'s Resp. at 1.)

Plaintiff's assertion that he told several officers but filed no grievance because his situation was an emergency does not satisfy the exhaustion requirement. Even if there was no relief to be had, he was required to file grievances to the Warden, the Regional Director, and the General Counsel complaining about the lack of treatment he received from Defendant Price. *Dole*, 438 F.3d at 808-09 (exhaustion is necessary even if the relief sought is not available). The MCC must have been given the opportunity

to address this issue first, in the manner set out by the MCC, before Plaintiff filed his suit here. The MCC did not have such an opportunity in this case.

The record thus demonstrates that Plaintiff did not exhaust administrative remedies for his claim that Price acted with deliberate indifference to his medical needs. Furthermore, the time for exhausting administrative remedies for this claim has expired. *See* 28 C.F.R. § 542.14 (federal inmates have 20 days from the date of the complained-of incident for informal resolution and to file an Administrative Remedy Request to the Warden; this time may be extended, but Plaintiff's case fits none of the reasons for a delay to allow him to exhaust at this time). Accordingly, the claim against Defendant Price warrants dismissal for failure to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (if a plaintiff failed to exhaust and exhaustion is no longer available, the unexhausted claim must be dismissed); *see also Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006).

**B.** **Immunity under 42 U.S.C.§ 233(a):**

In addition to the claim against Defendant Price being unexhausted, her position as an officer of the Public Health Service ("PHS") warrants dismissal of Plaintiff's claim against her individually. Plaintiff's amended complaint alleges that Defendant Price acted with deliberate indifference to Plaintiff's back pains following an injury he sustained at the MCC. (R. 6, Amended Compl.) A constitutional tort by a federal officer may give rise to two types of actions: (1) a *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), suit against the individual officer alleging a constitutional violation and (2) a Federal Tort Claims Act ("FTCA") suit under 28 U.S.C. § 1346 alleging a common law tort claim against the United States. *See Manning v. United States*, 546 F.3d 430, 431 (7th Cir. 2008).

Plaintiff's complaint indicates that he seeks to raise only a *Bivens* claim. He named individuals as Defendants, he alleged that his civil rights had been violated, and his response to the summary judgment motion states that his claim is that Price acted with deliberate indifference to his medical

needs. (R. 6, Amended Compl. at 2, 6-8; R. 28, Pl's Response at 2) (Plaintiff's response states that Price "continued to deny me medical attention by flat out refusal which is deliberate indifference"). Although he listed MCC on the cover of his complaint, the section asking him to list the defendants names only individual officers. (R. 6, Amended Compl. at 1-2.) He did not name the United States as a party. Nor do any of his pleadings indicate that he seeks to allege a tort claim. Although a court may construe a complaint as alleging a FTCA claim where the allegations assert some type of negligence against the Bureau of Prisons, *see Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006), Plaintiff's case explicitly seeks to hold Price liable for deliberate indifference. Where it is clear that a *pro se* complaint seeks to assert one claim, a court should not read in another claim. See *Jackson v. Kotter*, 541 F.3d 688, 694 (7th Cir. 2008) (court refused to construe a *pro se* complaint as alleging a *Bivens* action where the plaintiff clearly sought to assert a negligence claim). The Court thus reads the amended complaint as bringing only a *Bivens* action against the individual Defendants and not a FTCA claim against the United States.[1]

Under 42 U.S.C. § 233(a), however, the Federal Tort Claims Act is the exclusive remedy for claims against members of the Public Health Service ("PHS") involving their medical treatment, or lack thereof, of an inmate. Section 233(a) provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 [the Federal Tort Claims Act], or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . ., by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding . . .

---

[1] The Court further notes that, even if Plaintiff's amended complaint could be construed as asserting a FTCA claim, his pleadings indicate that he did not exhaust the claim by submitting an administrative claim with the appropriate federal agency. (R. 6, Amended Compl. at 4; R. 28, Pl.'s Response at 1-2); *see also* 28 U.S.C. § 2675(a); *Palay v. U.S.*, 349 F.3d 418, 425 (7th Cir. 2003).

42 U.S.C. § 233(a); *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000) (section 233(a) "makes the [FTCA] the exclusive remedy for specified actions against members of the Public Health Service"). The Seventh Circuit has not addressed in a published opinion the immunity of PHS members from *Bivens* actions; however, the Supreme Court recently clarified in *Hui v. Castaneda*, __ U.S. __, 130 S. Ct. 1845, 1851 (2010), that "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment."

Defendant Price submits a declaration from Ben Brown, Commissioned Corps Liaison of the Recruiting and Staffing Section of the Bureau of Prisons' Health Services Division. Brown states that during the period of time relevant to this case, Defendant Price was "an active duty commissioned officer of the United States Public Health Service." (R. 22-4, Brown's Declaration, ¶ 4.) Although Defendant presents no employment or similar documentation showing her position as a PHS member, the Supreme Court has stated that proof of a defendant's PHS membership may be made "pursuant to the ordinary rules of evidence" and that "proof of scope is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period." *Hui*, 130 S. Ct. at 1854. The declaration of Commissioned Corps Liaison Brown, which is not countered or contested by Plaintiff, is thus sufficient to establish that Defendant Price was a PHS officer during the time period relevant to this case. Plaintiff's claim about Price's lack of medical care is thus limited to a FTCA action, and his *Bivens* claim against Price individually must be dismissed.

Accordingly, although the events described by Plaintiff are unfortunate, Plaintiff cannot proceed with his claims against Defendant Price because he did not exhaust administrative remedies and because Price, as an officer of the Public Health Service, is immune under § 233(a) from a *Bivens* civil rights action. Furthermore, Plaintiff's complaint may not be construed as asserting a FTCA claim against the United States.

## IV. CONCLUSION

Defendant's motion for summary judgment [21] is granted. This case is terminated.

ENTER: _____
James B. Zagel
United States District Court Judge

**DATE: July 16, 2010**